LEON BYRAM, RESPONDENT, v. WARNER-QUINLAN COM-
PANY, APPELLANT.

Submitted February 18, 1928—Decided May 14, 1928.

For the appellant, *Autenrieth, Gannon & Wortendyke*
(*Reynier J. Wortendyke, Jr.*, of counsel).

For the respondent, *Archie Elkins* (*Alexander Simpson*,
of counsel).

The opinion of the court was delivered by

TRENCHARD, J. This case was tried at the Hudson Circuit,
and resulted in a verdict in favor of the plaintiff, and the
defendant has taken this appeal from the judgment entered
on the *postea*.

The testimony taken at the trial shows that the situation
was this: In December, 1925, the defendant company con-
tracted with the M. W. Kellogg Company to make certain

repairs upon a certain steel still owned by the defendant and located on its property. Pursuant to this contract, the Kellogg company sent two of its employes, the plaintiff and a helper, to make the repairs. The defendant had erected a scaffold to be used by the plaintiff in doing the repair work. While he and his helper were on the scaffold, ready to begin the work, the scaffold collapsed, and the plaintiff was thrown to the ground and was injured.

The defendant contends that its motions for nonsuit and for the direction of a verdict should have been granted because there was no evidence which would justify the jury in concluding that the accident was the result of negligence on the part of the defendant. But this contention is ill-founded in point of fact. There was testimony that an inspection made after the accident occurred disclosed that this scaffolding was improperly constructed because of the fact that the nails used in building it were entirely too small, and that this caused the platform, when the weight was put on it, to collapse. The question of the negligence of the defendant was therefore for the jury.

The next point is that the motions should have been granted because, under the proofs submitted, the defendant's carpenter in doing the work of building the scaffolding was a fellow-servant of the plaintiff. No so. In order to create such relationship the plaintiff and the carpenter must have been the employes of a common master. *Hardy* v. *Delaware, Lackawanna and Western Railroad Co.*, 57 *N. J. L.* 505; *Jansen* v. *Jersey City,* 61 *Id.* 243, and the evidence tended to show they were not. Moreover, in discussing the motion for the direction of a verdict, the court said to the counsel for the defendant, "I understand your position to be that you do not dispute responsibility for exercising reasonable care in doing what you did do in the erection of a platform, but you insist that there is no testimony here to show that you did not exercise that degree of care?" Counsel replied, "Exactly." The court then added: "Not that there was no duty, but there was no proof that you violated such duty. Is that your position?" To which counsel responded, "Yes." This admission on the part of defendant's counsel eliminated any

theory of lack of responsibility because of the alleged fellow-servant relationship.

It is next argued that the court should have nonsuited and directed a verdict in favor of the defendant because the proofs failed to show that the plaintiff's injuries were the proximate result of the negligence of the defendant's carpenter in the construction of the scaffold. But that contention is ill-founded in point of fact. If the plaintiff's testimony was true, that negligence was the direct cause of the collapse of the scaffold, and that collapse was the direct cause of the plaintiff's injuries. There is nothing, therefore, in this point.

It is also argued that the court should have granted the motions to nonsuit and for a direction because, on the plaintiff's own testimony, it appeared that in making use of this scaffold he assumed the risk of injury resulting from that use. There is no merit in this point. Certainly plaintiff cannot be said to have assumed the risks of danger in the use of the scaffold which resulted from defects in its construction, of which he did not know, and that an ordinarily prudent person under the circumstances would not have known. The defects which caused the collapse were not obvious ones, and it was open to the jury to find that they were not such as would have been known to an ordinarily prudent person under the circumstances presented to the plaintiff.

It is next contended that the proofs conclusively showed that the plaintiff in going upon the scaffold was a mere licensee of the defendant, and that, therefore, he was not entitled to recover because of mere carelessness in the construction of the scaffold. But that contention is fallacious. He was not a mere licensee. He was an invitee. An employe of one who holds a contract to perform work on premises for the owner or occupier thereof, and who enters the premises to perform that work, is there by the implied invitation of the person for whose benefit the work is to be performed. *Riley* v. *Jersey Leather Co.*, 100 *N. J. L.* 300.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 16.

*For reversal*—None.